## No. 10,868.

THE STATE EX REL. J. W. BOTHICK ET AL. VS. ALBERT VOORHIES, JUDGE.

The Supreme Court will not issue writs of prohibition and *mandamus* to a District Judge having probate jurisdiction to prevent him from causing to be held a family meeting composed of persons designated by him, on behalf of an interdicted person, and to command him to appoint as members of such meeting persons whom he has decided should not form part of it. The remedy would be by appeal.

He has jurisdiction and can exercise it with proper discretion. The act is not ministerial in character.

Should the judge fail to do as he should do, the aggrieved would not be without other adequate remedy.

APPLICATION for Prohibition, *Mandamus* and *Certiorari*.

*Aug. Bernau* for the Relator.

The opinion of the court was delivered by

BERMUDEZ, C. J. This is an application for writs of prohibition, *mandamus* and *certiorari*.

The relators, who are the sons and sons-in-law of Thomas W. Bothick, an interdicted person, complain that the District Judge has declined to appoint *them* as members to compose a family meeting to be held for the purpose of selecting a proper one to take charge of the person and property of the interdicted, and that he has appointed to their exclusion eight persons, who are said to be friends, to constitute such family meeting for the object in view.

The relators have annexed to their petition a copy of the reasons assigned by the District Judge in support of his conclusions.

The charge is made against the District Judge that, in acting as he has done, he has usurped jurisdiction, and he should be compelled to appoint the relators as members of the meeting to be held.

The reasons set forth in the opinion of the District Judge may be good or bad. With this we have at present no concern.

The relators invoke the exercise of our supervisory jurisdiction under Article 90 of the Constitution, but they are not entitled to it.

The powers of this court, under that conservative provision, can be sought only in cases in which a court has no jurisdiction, or exceeds the bounds of its authority; or refuses to perform a ministerial duty; or has proceeded, notwithstanding valid objections, in a matter before it, in utter disregard and violation of the forms prescribed and required by law.

In the present instance it is beyond discussion that the court over which the District Judge presides is vested with probate jurisdiction and as such is competent to order a family meeting to be held to pass upon matters affecting the interests of interdicted persons, and to that end, to determine and designate who shall or shall not compose the same.

In doing so, he exercises a *judicial* discretion, and does not perform a mere *ministerial* act.

Had the District Judge absolutely declined to convoke a family meeting in a case in which one should be called, he might, on a proper showing, be compelled by *mandamus* to act; but this is not the case now presented. The attempt is to have this court, in a *mandamus* proceeding, to review his judgment touching the composition of the family meeting, and thus to convert that form of proceeding so as to perform the functions of an appeal, which can not be done.

The apprehension that wrong or injury, irreparable in character,

will be done the relators if the order of the Judge is carried out by the holding of the family meeting, composed, as he directs that it should be, may prove without foundation.

It should not be forgotten that *nemo hæres viventis*, and it should be borne in mind that the persons appointed by the judge, in meeting assembled, may, at least as a possibility, come to a conclusion favorable to the relators, who then would have prematurely complained. Should it, however, happen that the reverse takes place, and that an improper person is selected and recommended, the relators will not be left without a remedy, by opposing the appointment.

It can not be assumed that the District Judge will arbitrarily disregard such opposition if founded; but were he to err, the relators could bring up his ruling for review, to this court, together with all preliminary decrees conducive to the appointment of a curator to the person and property of the interdicted. It will be then time to consider and determine all the contentions on the subject.

There is no apparent reason to suppose, at the present stage, that the person to be nominated and appointed, when qualified, will disregard his oath and bond and prove derelict to the duties imposed upon him by law, so as to wrong and injure the interdict, or those who may have an eventual interest in his property; but, were such unfortunately to be the case, on proper representation and proof by one in authority, the District Judge, who is the tutor of tutors, the curator of curators, who is clothed with ample powers to guard against apprehended evil and to remedy actual wrong, would no doubt not fail to exert those powers in a proper manner for the protection of the concerned.

The application does not present a case in which the writs asked can be allowed.

It is therefore ordered that the application be refused, with costs.